UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EDWARD ALLAN WATTS and LINDSAY LOPEZ                          PLAINTIFFS

v.                                No. 2:19-cv-02066

SYDNEY ANN WATTS, et al.                                           DEFENDANTS

**OPINION AND ORDER**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP. On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiffs Edward Allan Watts and Lindsay Lopez filed a complaint against seven defendants, Sydney Watts, Stuart Watts, the Fort Smith Police Department, the City of Fort Smith, Prosecuting Attorney Daniel Shue, Kristopher Koelemay, and Brian Lee Watts alleging a variety of federal statutory violations including violations of the Fair Housing Act, § 1983, RICO, federal criminal statutes, and state law contract claims. *Watts et al. v. Watts et al.*, 2:19-cv-02010 (W.D. Ark.). On March 18, 2019, the Court entered an order denying the Plaintiffs' motion to proceed IFP and dismissing Plaintiffs' claims without prejudice noting that many of the Plaintiffs claims are time-barred or have no basis in law or fact. *Id.*, Doc. 19. Plaintiffs then filed the instant action adding twenty-one new Defendants including Wal-Mart Stores Inc., Barnes and Noble Inc., the British Broadcasting Corporation, and Arkansas Attorney General Leslie Rutledge, but alleging largely the same facts as the case before. Plaintiffs again allege § 1983 violations, RICO violations, state law contract claims and violations of the Fair Housing Act. Plaintiffs also allege Wire Fraud, Trademark Infringement, and violations of the First, Fourth, Fifth, Eighth, and

1

Fourteenth Amendments of the United States Constitution.

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). Even a pro se Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

This Court has already ruled on Plaintiffs' 42 U.S.C. § 1983 claim and their 18 U.S.C. §§ 1962 and 1964 claims in the Plaintiffs first case filed in this Court. As a result, the Court adopts its previous analysis and finds that these claims fail to state a cognizable claim upon which relief can be granted. The Court has reviewed the Plaintiffs' complaint and numerous supporting documents filed in this action. After review, the Court finds that Plaintiffs claims alleging Wire Fraud under 18 U.S.C. § 1343, Equal Rights violations under 42 U.S.C. § 1981, Public Discrimination under 42 U.S.C. § 2000(d), Trademark Infringement under 15 U.S.C. § 1125, and constitutional violations under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments are frivolous because they lack basis in law or fact. Plaintiffs' claim for breach of contract under Ark. Code Ann. § 16-56-111 is not a claim over which this Court has original jurisdiction and this Court will decline supplemental jurisdiction for any state claims pursuant to 28 U.S.C. § 1367(3).

IT IS THEREFORE ORDERED that Plaintiffs' Complaint is DISMISSED WITH PREJUDICE. Because Plaintiffs' complaint fails to allege meritorious claims, their Applications

for IFP (Doc. 6; Doc. 7) are DENIED as MOOT.  Judgment will be entered separately.

IT IS SO ORDERED this 14th day of June, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE