IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EDWARD ALLEN WATTS and                                                                 PLAINTIFFS
LINDSAY LOPEZ

v.                                              Civil No. 2:19-CV-02066

SYDNEY ANN WATTS, *et. al.*                                                            DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court are Plaintiffs' Motions to Appeal *in forma pauperis*.  (ECF Nos. 16, 17).

### I.  BACKGROUND

Plaintiffs filed their Complaint on May 23, 2019.  (ECF No. 2).  On June 14, 2019, the Court entered an Order dismissing this case with prejudice for failure to state any meritorious claims.  (ECF Nos. 13, 14).  In doing so, the Court noted it had already dismissed Plaintiff's §§ 1983, 1962, and 1964 claims in *Watts v. Watts*, Case No. 2:19-cv-02010 (W.D. Ark. Mar. 18, 2019), and adopted that analysis for the duplicate claims in this case.  (ECF No. 13 at 1-2).  The Court then noted Plaintiffs' additional federal claims against twenty-one new Defendants were frivolous because they lacked any basis in law or fact, and the Court lacked jurisdiction over Plaintiff's state breach of contract claim.  (*Id.*).

Plaintiffs filed their Notice of Appeal and Motions to Appeal IFP on June 19, 2019. (ECF Nos. 15, 16, 17).

## II.  ANALYSIS

28 U.S.C. § 1915 governs applications for leave to appeal *in forma pauperis*.  28 U.S.C. § 1915(a)(1) provides:

> ". . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."  "Good faith," within the meaning of the statute, must be judged by an objective and not subjective standard, and a litigant's good faith is demonstrated when he seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962).

To proceed in forma pauperis is a privilege and not a right.  *Green v. Wyrick*, 428 F.Supp. 728, 731 (W.D. Mo. 1976).  "A plaintiff, even though of small means, could reasonably be asked to some small degree to 'put his money where his mouth is,' it being all too easy to file suits . . . if it costs nothing whatever to do so." *Id*. at 731-32.  The decision of whether to grant or deny in forma pauperis status under § 1915 "is within the sound discretion of the trial court." *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (internal citation omitted).

28 U.S.C. § 1915(e)(2)(B)(i-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii)

fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

As discussed by the Court in its Order dismissing this case, Plaintiffs failed to state any meritorious claims in this case. As they failed to state claims upon which relief may be granted, their appeal of the dismissal is not taken in good faith.

### III.  CONCLUSION

Accordingly, it is recommended that Plaintiffs' Motions for Leave to Appeal *in forma pauperis* (ECF Nos. 16, 17) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **19th day of June 2019**.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE